**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,           )<br>                                                  )<br>            Plaintiff,                      )<br>                                                  )<br>vs.                                             )<br>                                                  )<br>Reginald Lamont Brown,            )<br>                                                  )<br>            Defendant.                   )<br>_____) | CR 12-580-PHX-FJM<br><br>**ORDER** |

    The court has before it defendant's Motion to Review Detention Order (doc. 13) and the government's Response. No Reply has been received. The Magistrate Judge ordered the defendant detained pending trial. (Doc. 11). He found the defendant to be a flight risk and a danger. We have listened to the audio record of the detention hearing. We now consider the matter *de novo*.

    The Magistrate Judge expressed concern about the defendant's breach of trust while on supervised release. Indeed, we revoked his supervised release and imposed a 5 month term for it. The Pretrial Services officer is of the opinion that defendant poses a risk of nonappearance based on his prior substantial criminal history and his failure to comply with the conditions of supervised release. Memorandum of Mar. 29, 2012 at 2. (Doc. 5). He is also of the view that the defendant may pose a danger based on the nature of the charge, his criminal history and revocation of supervised release. *Id.*

    We look to the factors in 18 U.S.C. § 3142(g)(1)-(4). The defendant is charged with

felon in possession of a firearm. He was found with 5 rifles and a pistol. Weapons of this sort in the hands of a felon present an alarming situation. This counts against release under §3142(g)(1). The evidence is weighty. § 3142(g)(2). He has a long history of crime going back to his teenage years, including grand larceny, assault on a probation officer, robbery, assault and battery and conspiracy to possess with intent to distribute 50 grams or more of cocaine. Presentence Report dated Aug. 27, 2001 in CR 11-50168. This counts against release under § 3142(g)(3). Of particular concern is that he physically resisted arrest in this case. The officers had to tackle him to the ground. This is not the first time the defendant engaged in resisting arrest. Presentence Report dated Aug. 27, 2001 at ¶12 and ¶15. And, of course, the offense was committed while the defendant was on supervised release for a Class A felony.

The defendant points out that he was doing well on supervised release until this happened. He also points out that he has ties to the community and that the state court released him on the same charges. While we give weight to these factors, we believe the risk to the community of having a felon carrying six weapons is too great to ignore, particularly against the backdrop of the other factors detailed above. We are not persuaded that defendant would accord pretrial supervision any greater compliance than he accorded supervised release.

For all these reasons, we find that the defendant is a danger to the community and is a flight risk. Accordingly, it is ORDERED DENYING defendant's Motion for revocation or amendment of the Magistrate Judge's Detention Order. (Doc. 13).

DATED this 15th day of May, 2012.

_____
Frederick J. Martone
United States District Judge